FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUN 0 9 2026

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

CHRISTOPHER ERIC FISHER

Criminal No. 3:26-cr- 19

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said district, and submits the following Indictment Memorandum to the Court:

## I.  THE INDICTMENT

A federal grand jury returned a fourteen-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|--------------|---------------|
| 1-6 | Attempted murder of federal officer/employee<br>On or about April 16, 2026 | 18 U.S.C. §§ 1114(a)(3) and 1113 |
| 7-12 | Assault of federal officer/employee involving use of a deadly and dangerous weapon<br>On or about April 16, 2026 | 18 U.S.C. §§ 111(a)(1) and 111(b) |
| 13 | Carry, use, and discharge of a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence<br>On or about April 16, 2026 | 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(iii) |
| 14 | Possession of a firearm and ammunition by a convicted felon<br>On or about April 16, 2026 | 18 U.S.C. § 922(g)(1) |

## II.   ELEMENTS OF THE OFFENSES

### A.   As to Counts One through Six:

In order for the crime of Attempted Murder of a Federal Officer or Employee, in violation of 18 U.S.C. §§ 1114(a)(3) and 1113, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   The defendant did something that was a substantial step toward killing the victim;

2.   When the defendant took that step, he intended to kill the victim;

3.   The defendant acted with premeditation;

4.   The defendant acted with malice aforethought;

5.   The victim was a federal officer or employee; and

6.   At the time of the attempted murder, the victim was engaged in the victim's official duties, or the attempt was made on account of performance of the victim's official duties.

### B.   As to Counts Seven through Twelve:

In order for the crime of Assault of a Federal Officer or Employee, in violation of 18 U.S.C. §§ 111(a)(1) and 111(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   On or about the date charged in the Indictment, the defendant intentionally used unlawful force in assaulting a person designated in section 1114 of Title 18, United States Code;

2.   That the defendant used a deadly and dangerous weapon; and

3.   That the defendant did so while the person designated in section 1114 was engaged in, or on account of the performance of official duties.

2

**C.     As to Count Thirteen:**

In order for the crime of Carry, Use, and Discharge of a Firearm During and in Relation to a Crime of Violence, and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(iii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant committed a crime of violence as charged in Counts One through Twelve of the Indictment;

2.     That the defendant knowingly possessed a firearm in furtherance of this crime or that during and in relation to the commission of that crime, the defendant knowingly used and carried a firearm; and

3.     That the firearm was discharged during the course of the offense.

**D.     As to Count Fourteen:**

In order for the crime of Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant knowingly possessed the firearm and/or ammunition described in Count Fourteen of the Indictment;

2.     At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.     At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4.     That the defendant's possession was in or affecting interstate or foreign commerce.

3

### III.  PENALTIES

**A.    As to Counts 1 through 6 (Attempted Murder of Federal Employee/Officer (18 U.S.C. §§ 1114(a)(3) and 1113)) and Counts 7 through 12 (Assault of Federal Employee/Officer Involving Use of a Deadly and Dangerous Weapon (18 U.S.C. §§ 111(a)(1) and 111(b)):**

1.    A term of imprisonment of not more than twenty (20) years.

2.    A fine of not more than $250,000.

3.    A term of supervised release of not more than three (3) years.

**B.    As to Count 13:  Carry, Use, Discharge of a Firearm During and in relation to a Crime of Violence and Possession of a Firearm in Furtherance of a Crime of violence (18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(iii)):**

1.    A term of imprisonment of not less than five (5) years (or not less than ten (10) years for discharging the firearm), nor more than life imprisonment, imposed to run consecutively to any other term of imprisonment.

2.    A fine of not more than $250,000.

3.    A term of supervised release of not more than five (5) years.

**C.    As to Count 14: Possession of a Firearm and Ammunition by a Convicted Felon (18 U.S.C. § 922(g)(1)):**

1.    A term of imprisonment of not more than fifteen (15) years.  However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum

4

of life imprisonment.

2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.    A term of supervised release of not more than three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies).

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed at each count of conviction, pursuant to 18 U.S.C. § 3013, as the offenses occurred after April 24, 1996.

## V.  RESTITUTION

Restitution may be required in this case as to Counts One through Twelve, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. § 3663A.

## VI.  FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney


*/s/ Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant United States Attorney
PA ID No. 78059


*/s/ Arnold P. Bernard, Jr.*
ARNOLD P. BERNARD, JR.
Assistant United States Attorney
PA ID No. 313734

5